# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KINIGOS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| TITAN TECHNOLOGY SOLUTIONS US | § | JURY TRIAL DEMANDED |
| INC. d/b/a SPAMTITAN and | § | |
| COPPERFASTEN TECHNOLOGIES, | § | |
| LTD. d/b/a COPPERFASTEN | § | |
| TECHNOLOGIES d/b/a SPAMTITAN, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Kinigos, LLC (hereinafter, "Kinigos" or "Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendants, Titan Technology Solutions US Inc. d/b/a SpamTitan and Copperfasten Technologies d/b/a SpamTitan (hereinafter, "SpamTitan" or "Defendants"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of United States Patent No. 6,782,510 (the "'510 Patent" or the "Patent-in-Suit").

## PARTIES

2. Plaintiff Kinigos, LLC is a limited liability company organized and existing under the laws of the State of Nevada.

3. Upon information and belief, Defendant Titan Technology Solutions US Inc. d/b/a SpamTitan is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1408 N Westshore Boulevard, Suite 260, Tampa, Florida

33607.

4. Upon information and belief, Defendant Copperfasten Technologies, Ltd. d/b/a Copperfasten Technologies d/b/a SpamTitan is a corporation organized and existing under the laws of the country of Ireland, with its principal place of business located at Mazars Place, 1st Floor, Salthill, Galway, Ireland.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants, including because Defendants have minimum contacts within the State of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendants regularly conduct business within the State of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas.  Further, this Court has general jurisdiction over Defendants, including due to their continuous and systematic contacts with the State of Texas.

7. More specifically, Defendants, directly and/or through intermediaries, make, distribute, import, host, offer for sale, sell, advertise, and/or use the accused products named herein in the State of Texas.  Defendants have committed patent infringement in the State of Texas, have induced others to commit infringement in the State of Texas, and/or have contributed to patent infringement in the State of Texas.  Defendants solicit customers/users in the State of Texas. Defendants have customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendants' infringing products in the State of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b),

including because Defendants have purposefully availed themselves of the privileges of conducting business in this District; Defendants regularly conduct business within this District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District.  Further, Defendants have continuous and systematic contacts with this District.

9. More specifically, Defendants, directly and/or through intermediaries, make, distribute, import, host, offer for sale, sell, advertise, and/or use the accused products named herein in this District.  Defendants have committed patent infringement in this District, have induced others to commit infringement in this District, and/or have contributed to patent infringement in this District.  Defendants solicit customers/users in this District.  Defendants have customers/users who are residents of this District and who purchase, acquire, and/or use Defendants' infringing products in this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,782,510

10. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

11. The '510 Patent, entitled "Word Checking Tool for Controlling the Language Content in Documents Using Dictionaries with Modifyable Status Fields," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 24, 2004 after full and fair examination.  The '510 Patent then underwent Ex Parte Reexamination, and a reexamination certificate was issued on December 17, 2013.  Plaintiff is the assignee of the '510 Patent, with all rights and privileges thereto, including the right and standing to bring suit for infringement and recover past and present damages.

12. The claims of the '510 Patent cover, *inter alia*, electronic systems and methods for permitting a user to control which words are allowed in an electronic document before the

electronic document is published, said system including: a system memory for storing a word checking software module; a processing device for executing the word checking software module; an electronic dictionary for identifying a set of filter words to be filtered from the electronic documents, said set of filter words including both offensive words and/or potentially inappropriate words, and which potentially inappropriate words are determined by considering an identity of an audience intended to receive the electronic document; and wherein the word checking software module is configured such that it can perform the following operations: (i) retrieving words to be checked from an electronic file for the document; and (ii) designating said set of filter words by changing a value of a status field for such words in said electronic dictionary and/or by storing said set of filter words as one or more separate electronic dictionaries; and (iii) determining whether said words from the document include any from said set of filter words; and (iv) controlling initial distribution of such electronic document based on steps (i) and (ii).

13. Upon information and belief, Defendants make, host, offer for sale, sell, use and/or import, without limitation, electronic systems for permitting a user to control which words are allowed in an electronic document before the electronic document is published, said system including: a system memory for storing a word checking software module; a processing device for executing the word checking software module; an electronic dictionary for identifying a set of filter words to be filtered from the electronic documents, said set of filter words including both offensive words and/or potentially inappropriate words, and which potentially inappropriate words are determined by considering an identity of an audience intended to receive the electronic document; and wherein the word checking software module is configured such that it can perform the following operations: (i) retrieving words to be checked from an electronic file for the document; and (ii) designating said set of filter words by changing a value of a status field for such words in said

electronic dictionary and/or by storing said set of filter words as one or more separate electronic dictionaries; and (iii) determining whether said words from the document include any from said set of filter words; and (iv) controlling initial distribution of such electronic document based on steps (i) and (ii). Plaintiff is informed and believes that such infringing products and/or services comprise the Bloxx Email Filter.

14. Additionally, or in the alternative, Defendants have induced infringement of the '510 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '510 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least its customers and other end users to use said products and/or services. Upon information and belief, such induced infringement has occurred at least since Defendants became aware of the '510 Patent, which was at least as early as the filing of this Complaint, and Defendants' inducement of infringement involves Defendants' knowledge that the induced acts constitute patent infringement.

15. Additionally, or in the alternative, Defendants have contributed to infringement of the '510 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising contributing to at least the use of said products by customers and/or other end users in this judicial district, the State of Texas, and elsewhere in the United States, and such contributory infringement involves knowledge that such products and/or services are especially made or especially adapted for use in an infringement of the '510 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. To the extent that facts learned during the pendency of this case show that Defendantss infringement is, or has been, willful, Plaintiff reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

17. Each of Defendants' aforesaid activities has been without authority and/or license from Plaintiff. Such activities constitute Defendants' infringement of the '510 patent by Defendants' practicing, making, hosting, offering for sale, selling, using and/or importing at least the products and/or services described herein, that infringe, either directly or indirectly, the patented invention, and Defendant will continue to do so unless enjoined by the Court.

## DAMAGES

18. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Defendants' infringement of Plaintiff's exclusive rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

20. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

21. Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare that Defendants' infringement has been, and continues to be, willful, including that Defendants acted to infringe the Patent-in-Suit despite an objectively high likelihood that their actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

February 3, 2015                    Respectfully submitted,

/s/ *John J. Edmonds*
John J. Edmonds – Lead Attorney
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
Shea N. Palavan
Texas Bar No. 24083616
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com
spalavan@cepiplaw.com

ATTORNEYS FOR PLAINTIFF
KINIGOS, LLC